# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

MICHELE S. KAHLE, Personal )
Representative of the Estate of )
Tyler Thomas Kahle, )
)
      Plaintiff, )    **2:09-cv-0007-JWS**
)
  vs. )    **ORDER AND OPINION**
)
)   **[Re:  Motions at Docs. 12, 18, 19,**
NOVAGOLD RESOURCES, INC., )         **21, 23, 27, and 31]**
a Canadian Corporation, )
)
      Defendant. )
_____)

## I.  MOTIONS PRESENTED

The parties have engaged in a complicated web of largely unnecessary motion
practice.  At docket 12, plaintiff Michele S. Kahle ("Kahle") moves to remand this matter
to Alaska Superior Court for the Third Judicial District at Nome.  At docket 17, defendant
NovaGold Resources, Inc. ("NovaGold") amended its notice of removal and, at docket
23, moves for leave to accept the amended notice.  Kahle moves to strike NovaGold's
amended notice at docket 19.  At docket 21, NovaGold moves for leave to file a late
opposition to Kahle's motion to remand and, at docket 22, opposes Kahle's motion to
remand.  At docket 24, NovaGold opposes Kahle's motion to strike.  At docket 25, Kahle
filed a consolidated response in opposition to NovaGold's motion for leave to accept its
amended notice and motion for leave to file a late opposition brief.  In the same

document, Kahle also incorporates her reply arguments in support of her motion to remand.  At docket 26, Kahle replies in support of her motion to strike.  At docket 28, NovaGold replies in support of its motions for leave to accept amended notice and late opposition.  At docket 29, NovaGold filed a second amended notice of removal, which Kahle again moves to strike at docket 31.  At docket 34, Kahle filed a sur-reply, which this court authorized at docket 33, to NovaGold's reply in support of its motion for leave to accept its amended notice.  Finally, at docket 35 NovaGold opposes Kahle's motion to strike its second amended notice.  Kahle has not yet filed a reply.

Oral argument was requested by Kahle at docket 18 and by NovaGold at docket 27.  Because oral argument would not assist the court, both requests are denied.


## II.  BACKGROUND

On July 19, 2009, Kahle, then proceeding *pro se*, instituted multiple actions, including this one, against five different defendants in Alaska Superior Court for the Third Judicial District at Nome.  Of the five defendants, four have removed to this court.[1] Each matter arises from the July 19, 2007 death of Tyler Thomas Kahle ("Tyler") at the Rock Creek Gold Mine Construction Project in Nome.  Tyler was an employee of Alaska Mechanical, Inc., and was allegedly killed while a passenger in a 1997 JLG 120HX manlift bearing serial number 0541920300031742.  The lift purportedly toppled over while descending from an elevated location.  Kahle alleges damages arising from Tyler's death pursuant to AS 09.55.580 in excess of $2 million and costs in excess of $500,000.  NovaGold seeks to remove this matter based on diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441.  Specifically, NovaGold contends that the amount in controversy stated in Kahle's complaint is well in excess of the $75,000 jurisdictional

---

[1]Aside from NovaGold, the other four defendants include Alaska Gold Company ("Alaska Gold"), JLG Industries, Inc. ("JLG"), United Rentals Northwest, Inc. ("United"), and Executive Force Australia PTY LTD ("Executive Force").  Only JLG, Alaska Gold, NovaGold, and Executive Force noticed removal.

-2-

floor, and that complete diversity exists between NovaGold, a Canadian citizen, and Kahle, a resident of Wisconsin.[2]

Kahle moves to remand the matter on several grounds: (1) NovaGold failed to allege Kahle or Tyler's citizenship, rendering the jurisdictional basis for diversity inadequate; (2) NovaGold failed to obtain the consent of all defendants prior to removal; and (3) Alaska Gold is a citizen of Alaska, destroying complete diversity.[3] NovaGold responds first by amending its notice of removal to cure its initial failure to allege Kahle and Tyler's citizenship pursuant to 28 U.S.C. § 1653.[4] NovaGold also moves to file its amended notice.[5] Kahle moves to strike the amendment, arguing that (1) NovaGold's response and amendment were untimely; (2) NovaGold failed to seek leave before filing its amended notice; and (3) the amendment improperly adds a new jurisdictional basis for diversity in the face of opposition regarding Kahle and Tyler's citizenship.[6] NovaGold also opposes Kahle's motion to remand, arguing that there is no dispute that (1) NovaGold's original basis for removal was on diversity grounds; (2) no consent was required because no co-defendants were named; and (3) Alaska Gold's citizenship is immaterial because Alaska Gold is a non-party.[7] NovaGold also opposes Kahle's motion to strike on the ground that its original notice was defective, and it did not seek by amendment to add a new basis for removal.[8] NovaGold subsequently filed its second amended notice to add a reference to 28 U.S.C. § 1653 as a basis for amendment and clarify its own status as a citizen of Canada, which Kahle again seeks to strike. Because the outcome of the motion to remand turns on the outcome of the

---

[2]Docket 1 at 2.

[3]Docket 13 at 3-4.

[4]Docket 17.

[5]Docket 23.

[6]Docket 20 at 2-4.

[7]*See generally* Docket 22.

[8]Docket 24.

motion to amend the notice of removal and the motions to strike, the court addresses the latter motions first.

### III.  DISCUSSION

**A. Amendment of Notice and Motions to Strike**

The first issue to be resolved is whether NovaGold should be permitted under 28 U.S.C. § 1653 to amend its notice of removal to add the claim that Kahle and Tyler are citizens of Wisconsin.  At the outset, however, the court must address whether NovaGold's failure to timely seek leave to file an amended notice precludes acceptance of the amendment, as Kahle suggests.  Section 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[9]  In the context of a removal notice, § 1653 permits defective allegations of subject-matter jurisdiction to be amended liberally, and to be cured at any time prior to judgment[10] - indeed, as one prominent commentator noted, "cases disallowing amendment seem unnecessarily grudging in their attitude, as do some of the decisions dealing with other types of amendments of the notice of removal."[11]  A failure to allege citizenship of a party is a "defect" for purposes a § 1653 amendment.[12]

Here, although it adopted the term "resident," as used in Kahle's complaint, and failed in its original notice to assert any jurisdictional basis against Tyler, NovaGold amended its notice to allege that Kahle is a citizen of Wisconsin.  In its second amended notice, NovaGold added a reference to § 1653 and clarified its own status as a citizen of Canada. The court views these amendments as curative of jurisdictional defects because NovaGold's amended notices did not change the underlying basis for

---

[9]28 U.S.C. § 1653.

[10]*Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2003); *see also Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *Rossi, Turecamo & Co., Inc. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 439-40 (S.D. Fla. 1980) (discussing history of § 1653).

[11]14C Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Jurisdiction § 3733 (4th ed. 2009).

[12]*Id.*

-4-

removal - diversity - or otherwise alter the jurisdictional facts. NovaGold's amendments cure a defect in phraseology, and do not produce jurisdiction where none existed before.[13] Therefore, the court grants NovaGold's motion to amend its notice, and denies Kahle's motions to strike NovaGold's amended notices. The second amended notice is the operative pleading.

**B. Motion to Remand**

As an initial matter, because Kahle fails to brief the issue of NovaGold's excusable neglect in filing an untimely opposition brief and because Kahle will suffer no particular prejudice from NovaGold's late filing, the court grants NovaGold's motion to accept the late-filed opposition. The final issue to be resolved, then, is whether NovaGold has an appropriate basis for removal. Because Kahle does not dispute that the amount in controversy exceeds $75,000, the only question is whether complete diversity exists. NovaGold contends that even if Tyler were a citizen of Alaska, and not Wisconsin, that distinction is without a difference because diversity jurisdiction would still exist. For purposes of Kahle's motion to remand, NovaGold is correct that it does not matter whether Tyler was a citizen of Alaska or Wisconsin, because his citizenship in either state would still justify removal by a Canadian corporation such as NovaGold. Moreover, NovaGold is correct that it was under no obligation to obtain the consent of Alaska Gold, JLG, or any other defendant in Kahle's related lawsuits because they are only prospective co-defendants in a matter to be consolidated in the future, and were not co-defendants at the time of removal. Accordingly, Alaska Gold's Alaska citizenship would not destroy diversity for purposes of Kahle's suit against NovaGold.

While the court understands that all five matters should likely be consolidated, this court is powerless to order consolidation of matters pending in state court with matters pending in federal court. Therefore, until all matters are before one or the other court, Kahle's ability to advance an argument in favor of consolidation will necessarily be hamstrung.

_____

[13] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-31 (1989).

## IV. CONCLUSION

For the reasons set forth above, NovaGold's motion for leave to file an amended notice at docket 23 is **GRANTED**, while Kahle's motions to strike at dockets 19 and 31 are **DENIED**. NovaGold's motion to file a late opposition brief at docket 21 is **GRANTED**, while Kahle's motion to remand at docket 12 is **DENIED**. Kahle's request for a hearing at docket 18 and NovaGold's request for a hearing at docket 27 are both **DENIED**.

DATED at Anchorage, Alaska, this 17th day of December 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

Case 2:09-cv-00007-JWS   Document 36   Filed 12/17/09   Page 6 of 6